Good morning. First case on our call this morning is People of the State of Illinois v. Jose Sandoval, case number 106496, agenda number one. Counsel may proceed. Good morning, Your Honors, Counselor. May it please the Court, Assistant Attorney General Garson Fisher for the People. Defendant's demand for a speedy trial in his, quote, DuPage DUI was not sufficient to demand a speedy trial on multiple DUI charges in multiple cases stemming from multiple incidents, especially where the defendant made this demand from prison where he was serving a valid sentence. The plain language of the governing statute is clear and unambiguous, and it demands more from a defendant than it demands from a defendant who has a diminished liberty interest of a defendant committed to the custody of IDOC based on a prior valid conviction. And this Court has made clear that the requirements of Section 3810 are neither technical nor meaningless. Even if they exist only for the convenience of the State, the General Assembly have the prerogative to place such a burden on defendants in the current situation. The local DuPage County rule provides guidance to defendants regarding how to conduct a speedy trial and does not place any additional improper burden on defendants beyond those required by the statute. The Petitioner in this case has only alleged a violation of his statutory speedy trial rights, so this is a matter of statutory interpretation. And as this Court has repeatedly stated, the best indication of legislative intent is the plain meaning of a statute's language. While it is true that speedy trial statutes are to be liberally construed, as this Court made clear in Garrett, courts are required to effectuate legislative intent and apply the express terms of the statutes. And here the defendant failed to comply with one of those express terms. Section 3810 requires that a demand for speedy trial by a defendant situated as this one is include a clear unequivocal statement of the charges on which he seeks to be tried. When Petitioner demanded trial on DuPage DUI, he had two DUI counts, which allegedly occurred on June 14, 2003, pending against him in one case, and an aggravated DUI charge, which allegedly occurred on another date, March 25, 2004, pending in another case. Defendant's demand failed to identify which of these multiple DUI charges in multiple cases stemming from multiple instances of drunk driving occurring on multiple dates he actually meant to demand trial on. And his demand can't reasonably be read to seek trial on all of the charges because it references only a single one, nor can it be read to demand trial on an entirely different charge, aggravated DUI. But even if the language of Section 3810 is ambiguous, it should not be so liberally construed as to tolerate a demand as vague as this one. The requirements of Section 3810 apply to defendants who are already serving prison terms for prior convictions. And as this Court recognized, such defendants do not suffer a loss of liberty while they are awaiting trial on their pending charges. Thus, the General Assembly has seen fit to allow the State longer to try such defendants than it has to try a defendant who is only in custody based on a pending charge. And it is also set as a requirement for such defendants that they file a speedy trial demand in order to start their clock, and that that demand comply with the additional requirements of Section 3810. Counsel, did the defendant have to demand a trial on each of the enumerated charges, like DUI, obstructing justice, I think, improper lane usage, and so forth? Or what is the State's position? In this case, Your Honor, yes, he would have, because compulsory joinder would not require the State to try defendants' claims in a single trial. So a single speedy trial demand on one charge would not constitute a demand on all of the charges. The charges in these cases did not arise from the same act. In fact, the DUI charges and the other charges occurred on three separate dates spread out over an 18-month period. And thus, even if the defendant's demands were sufficient for one of his DUI charges, it would not constitute a valid demand for his other DUIs or his non-DUI charges. Mr. Fisher, does an incarcerated defendant have access to his paperwork, his documentation, just as a general matter, his case numbers, and things of that nature? Yes, Your Honor, and also representation by counsel, who would, of course, also have access to this information. But as the local rule and the statute of limitations, it is not a requirement necessarily that the defendant identify the charges against him by listing the case number. There might be situations in cases where a defendant could adequately identify the charges against him by providing other information that he would, you know, certainly have access to, such as the date on which the alleged case would occur. The trial judge here seemed to have believed that it would be easier for the State to look up this defendant and ascertain what was going on. Mr. Fisher, if you have access to a D-U-C-T system, you take issue with that statement. Can you address that? Yes, Your Honor. And what is the D-U-C-T? I believe it's D-U-C-S, although I'm not personally familiar with DuPage County's system. But the DUCS system, even if it would have allowed the defendant to identify the charges against him, it would not have allowed the State to do that. First, I would say, Your Honor, that it's immaterial in this case, because the statute has clearly and unequivocally placed the burden on the defendant to identify the charges against him. But second, I would add, Your Honor, that while it may be true that in an individual case it doesn't seem particularly onerous to ask the State to do some additional research to identify the defendant and the charges against him, it does seem onerous to ask the State to do some additional research to identify the defendant and the charges against him. Is that statement that it would be easy for the State to look up this defendant, is that shifting the burden or is that placing the burden on the State? I believe, Your Honor, it answers your first question, Your Honor, yes, I think it does shift the burden to the State from the defendant. In answer to your second question, Your Honor, no, I don't think that is where it belongs. I think the statute clearly indicates that the burden is on the defendant to, as this Court put it in the State, clearly and unequivocally state the charges that are pending against him. And also, as this Court put in the State, even if that decision by the General Assembly was made solely for the convenience of the State, to treat that requirement as technical or meaningless would infringe on the General Assembly's prerogative to set specific conditions on the right to receive a speedy trial for defendants who are differently situated. And in this case, as this Court has recognized, we're talking about a defendant who has the most minimal liberty interest at stake in a speedy trial situation because he was serving, he was in the custody of the Department of Corrections on a prior valid conviction. If I can turn my attention to the local rule that's also been challenged in this case, DuPage County Local Rule 30.06 provides guidance to a defendant to comply with Section 3.810. It does not conflict with Section 103.5b or 3.810 or impose any additional burden on defendants. If you're saying it provides only guidance, are you conceding that it is not necessary to comply with that rule? I believe, Your Honor, that if one were to comply with Section 3.810, one would necessarily be complying with Rule 30.06. All 30.06 says that if the demand is that a defendant's demand has to include his case number, unless the State has actual notice of the demand and the interest of justice require recognition of the demand. There's no question that a defendant who complies with the first part of 30.06 and includes the case number of the charges on which he is seeking a speedy trial demand would have complied with Section 3.810. So if you follow the rule, the statute is satisfied, but the rule also recognizes that a defendant could comply with Section 3.810 in other ways, depending on the case. The people aren't trying to use the local rule to deny a defendant his speedy trial right. Rather, if the defendant had complied with the rule, then he would have complied with the statute, and it's because he failed to comply with the statute that he didn't make a valid speedy trial demand and was not entitled to have his cases. And if the defendant had complied with the local rule, then he would have been entitled to have his cases dismissed. Can we simply ignore what the local rule says, then, because we're really focusing on the statute? If you're saying the local rule is a guidance, clearly had he complied with the local rule, all of that information would have been there, but then compliance with the local rule is not necessary. Is that what you're saying? To answer the question whether a defendant filed a valid speedy trial demand, yes, your Honor, should focus solely on Section 3.810. To answer the second question, whether Rule 30.06 is in some way improper, obviously, attention to the rule is required, and we're merely saying that it doesn't place any additional burden on a criminal defendant. A couple of other points of contention between defendant's briefs and defendant's cases. First, the proper standard of review in this case is de novo. Whether the defendant was responsible for delays in his trial is not at issue in the case currently before the Court, nor is the language of the speedy trial demand that was made. The only question is whether that language constitutes a valid speedy trial demand, and the resolution of that is dependent entirely on the determination of law, and therefore is reviewed de novo rather than for an abuse of discretion. As we've mentioned briefly, the defendant has also, as well as the trial court, the defendant has made much of the fact that the people allegedly could have used resources from which they could have determined the various pending charges, and again, our position is that that is immaterial because the statute places the burden squarely and unequivocally on the defendant to state the charges that are pending against him. In sum, Your Honors, the plain language of Section 3.810 requires the defendant to clearly and unequivocally state the charges pending against him, and he failed to do so here. The description, due page DUI, did not identify on which of multiple DUI charges the defendant was demanding trial, but it certainly did not identify an aggravated DUI charge or multiple charges inclusively. The General Assembly placed this burden on defendants, situated as the defendant is in this case, and even if it did so only for the state's convenience, to treat that requirement as meaningless or merely technical would thwart legislative intent. Far from imposing any additional burden, the local rule provided guidance for how the defendant could have complied with the statutory requirements. The defendant failed to heed the local rule's advice, and therefore failed to comply with the statutory conditions for making a valid speedy trial demand, and it's for that reason, as well as those stated in our briefs, that the people respectfully request that this court reverse the statute and impose a charge against the defendant in both cases. Unless Your Honors have any additional questions. Thank you. Good morning, Your Honors. Mr. Chief Justice, and may it please the Court. My name is Donald Ramselle. I represent Jose J. Sandoval. I repeat his name because if you were to look at the interstate detainer demand for conviction, you would see that his caption reads, Jose J. Sandoval. His signature reads, Jose J. Sandoval. His proof of service reads, Jose Javier Sandoval. There was only one Jose J. Sandoval in the entire DuPage County Court System records. That is my client, Jose J. Sandoval. According to the State's own records, there were four entries under Jose J. Sandoval. Two represented the 2003 DUI of my client. The other two represented the 2004 DUI of my client. Counsel, if there had been more than one individual by that name in the county, would the result be the same? I don't believe so, and the reason for that is because it's a matter of the inmate number for Jose J. Sandoval, which is clearly written on his demand, R44567, is easily identified with a date of birth that matches the only Jose J. Sandoval in the computer. Furthermore, the tickets that were attached to, that are in the record here, are the same. Identify the actual full name of the defendant as Jose Javier Sandoval. So even Jose J. Sandoval, if there was more than one, my client's name on the actual ticket for DUI reads Jose Javier Sandoval. So the rule that you would want us to adopt or set forth would be a case-by-case analysis then? Well, frankly, this is a bit of a fact question. I don't think the court can necessarily disregard it. I believe that factually, when you put together all of the entirety, the totality of circumstances, clearly this is the only defendant named Jose J. Sandoval in the entire DUI court system. And that system, because I happen to have been president of that bar association, reflects every charge that the DUI court has to charge going backwards in time for a Jose J. Sandoval that is contained in their entire duct system, which is probably 15, 20 years older going backwards. I can't necessarily testify to earlier than that, but it's a complete system. It has closed cases, inactive cases, active cases. And also, how did that, and we can certainly deal with the significance of your argument, but how does that impact whether or not the statute was followed? Oh, I believe the statute was followed completely. I just... And I'm certainly waiting to hear that. I'll be glad to hear it. My question is, how does this failure of notice affect the ability of the defendant to describe the charges that he was faced with? And he did, we know he knew something about them, because we now know that the Cook County, the DuPage County case, DUI. Well, if I understand your question correctly, he put down DuPage County DUI. He's got his name there. The statute indicates you have to identify the charge with particularity. Right. And People v. Tammond, this Supreme Court, handily in a DUI case, said that using the terms driving under the influence without any definition, use of the term alcohol, drugs, any subpart of any kind, was sufficient for a charging document. My question, though, was how does your argument indicate the, your principal argument, which was the notice argument, indicate anything about the description of the offense? Well, I believe that when you cite something as DuPage County DUI, that's an accurate description of an offense. I do understand that. But that argument could be made independent of the, totally independent of whether or not the statute was followed. It says the nature of the charge in the statute. Nature of the charge, DUI. I'm not sure necessarily whether greater specificity is required under the statute. Certainly the legislature, having seen this fact pattern, may wish to address whether they wish to have something greater in 3-8-10. But under the doctrine of expressio unius est exclusio alterius, they've listed the eight different items to include, none of which is the case number itself or the statute violated. Mr. Ramsell, I believe you make the argument, however, though, in your brief that they could have easily figured this out as to what the charge was with a rudimentary search or they could have ridded him, right, upon receiving the demand and ascertain the information that way, right? Wasn't that one of your arguments? I wouldn't place it in that phrase, Your Honor. I would necessarily say that the argument by the State that suggests they could not determine the case or cases that this applied to is disingenuous, because his name is there. It complied with 3-8-10. It was open. It was notorious. Kind of dovetailing off of Chief Justice Fitzgerald's question, where I was going, though, with, you know, the statute calling, as Justice Fitzgerald pointed out, clear and unequivocal. My question is, if it requires further investigation, being ridded or a computerized search, isn't that, by its very nature, not clear and unequivocal if it requires something further? Well, I believe that any time the State's attorney receives any piece of paper, it requires further investigation of how that piece of paper applies to a case. That implicit in all pleadings is some underlying level that you need to look at it and get a full understanding of what it may mean. I would, however, repeat that litigants who sit on their pleadings or fail to respond to pleadings, whether they're a request to admit, the possibility of default judgment, a speedy trial demand, if they simply ignore it, they bear the fruit of the hardest or worst outcome for them. Here, again, we have that same situation. A proper litigant who is concerned with the effect of a pleading should appear in court, file a motion to strike, do what's necessary. If you dare to decide to receive a default judgment and attempt to collaterally attack it as void ab initio, if you dare to disregard a demand for a speedy trial and do nothing, you are certainly not able to go to court with clean hands. Here, whether it's the question of prosecutorial neglect or negligence, either way, nothing was done. They simply ignored it and within the confines of the halls of the State's attorney's office made a unilateral decision, evidently, that this was a worthless document rather than, you know, make sure to protect their issues and others. The burden shift, though, I mean, it's the defendant's burden to properly demand a speedy trial, this idea where they have some further obligation if it's their position that it wasn't a clear and unequivocal stating, you know, due page DUI when there was more than one pending, right? Well, I think that what Mr. Sam DeVault did, whether it was intentional or otherwise, followed the exact letter of the requirements of the law that he was to make this an impossible situation. Again, I can only assume the State's attorney's office chose to reject it out of hand. Certainly that is not in keeping with the obligation on the part of even the State's attorney to afford a person the right to a speedy trial and to protect the rights of all persons to a speedy trial, whether they would want to personally or not. They have that obligation to give this constitutional right of a speedy trial to a defendant as much as anyone. Instead, they ignored it out of hand. The equity certainly doesn't lay in their hands. But the defendant fulfilled the terms of 3-8-10. I believe there can be no doubt of that issue. Did he make a demand that was clear and unequivocal? Yes, he did. It's his demand for speedy trial. This is not bearish evidence. It wasn't carried in a demand for a jury trial like Staten. It wasn't a demand for a final disposition that was filed with a bunch of papers that belonged to a different case, such as in Millsat. It's a clear and unequivocal demand. The defendant doesn't have this access to technology that the State does. And I recall an opinion written by one of the justices in this court. It was a unanimous decision called People v. Hanna that we have to look at these laws in the real world in which we live and not in applying the practicality of the world we live in. We live in technology. It's a matter of a few keystrokes in this case to determine that Jose J. Sandoval had two DUI cases. We can't disregard that. Aren't we deciding a different case then? Pardon? Aren't we deciding a different case? Not well done. This case will apply not just to Jose Sandoval. It will apply to everyone. And I'm certain that we can look and see factual distinctions between each of these cases that are potentially out there. But on the issue of what the words mean, they mean what they mean. Isn't that correct? They mean what they mean. So all we have here really between you and the State is a difference on what you understand the words to mean. Well, I believe the State wishes to have the court implant in 3-8-10 the requirement of a case number when it doesn't exist. Otherwise, the issue, if it's blank, should be interpreted in favor of the defendant. My answer to that is clearly the number itself is not required. That's correct. Because it's not in the statute. And he put down the nature of the charge. He has all of the correct citations, place of incarceration, length of sentence, time  I don't know if the legislature wishes to address this, but in the meantime, he followed the only law that he knew to follow. It would be a guess on Mr. Sandoval's part, sitting in the Department of Corrections, to guess that more was required than what the letter of the law stated, which is all he can obey to at that point. In terms of 30.06, the local court rule, I believe there is an issue of abuse of discretion standard, because two trial courts found that in the interest of justice, this demand should be given effect. That's a fact question, essentially. They looked at the singular facts of the case. But nevertheless, even if that wasn't a fact question, 30.06 has its own inherent problems. It isn't. It is an attempt to modify these rights of the defendants. It cannot, if we were to allow different county courts to have their own set of rules as to how to effect a speedy trial demand, then we would lose all uniformity. Speedy trial demands do not need to be in writing. It is the best way to make a demand, but 30.06 modifies that by requiring it to be in writing. Let's go back to 3-8-10. You refer from time to time the nature of the charges, but that's not the language of the statute. The statute says the charges, and in this case the defendant said DuPage DUI. How does that encompass all of the other charges? And could there be situations where a defendant might want one or more charges brought to a speedy trial and not others, and therefore by either imposing a requirement on the State to bring him to trial on all charges, you're doing something that the defendant has not demanded? Well, that is a very interesting question, because the technical requirements of compulsory joinder, which are very difficult for even seasoned lawyers to wrap their heads around, would suggest that a defendant who has a five-count DUI case, if you will, has to file five different written speedy trial demands. If he specifies the charges, he doesn't have to do that, does he? Well, most speedy trial demands that I've seen don't actually list the charges within the body of the demand, but it's understood when you file a speedy trial demand on a particular case or event, it applies to all the charges. You're talking about filing it within a case. We've got a different situation here where a defendant in prison is making a request that he be brought to trial on charges. So it's necessary, is it not, that he specify the charges that he wants to be brought to trial on? He cannot expect that if he says DUI and he has pending burglary or other charges in other cases, that that's going to include those charges. If they were completely separate cases, I would agree. And there are two separate dates or three separate dates here of charges, are there not? Yes, and I could tell you the second, the 04-CF, I think a knowledgeable attorney reading that would clearly guess, strongly guess, in an educated sense of the term, that those three charges that say December of 2004 instead of March of 2004, clearly somebody wasn't charged with those and within nine days indicted on the same case number as March of 2004. I don't know why the record, I wasn't the lawyer down there. It's obvious to me those dates are clearly some incorrect citation. But that fact issue, I think, needs to be looked at more deeply. I seriously doubt that a defendant was charged with three improper lane usage and two other matters, and within nine days or 11 days was indicted, rather than a secretary preparing those documents for an indictment, put the date she prepared them into the body of the date of offense. But that's just me. I would submit that a demand filed against a particular case should apply to all the charges that are on file in that particular case. To me, that is more logical, more reasonable, more rational, and more the way the practice is heard. I do not know of a single case where someone has demanded on, for example, the impaired DUI charge, but doesn't demand on the per se DUI charge, which are different acts and perhaps not subject to compulsory joinder as defined by this court. Or that somebody would demand on the DUI, but not demand on the improper lane usage that was, you know, the driving aspect of it. More simple, and I know this is outside of where the body of law is in Illinois, but I know that this court has from time to time decided to depart from the ridiculous, if you will, and render some common sense tools. This court has done so on petitions to revoke and collateral estoppel and abrogated people versus Grayson. The court has done so in returning to the lesser included and greater included definitions under Blackburger. And here, if you make a demand on a file or a case, if it's called a DUI, it should apply to all the filed charges as such, because these cases aren't broken down into five subparts of a trial. Defendant's demand here stated reads, he refers to DuPage DUI, that to be a singular. Are you asking that both DUI charges be dismissed? Yes, because DUI is a term that doesn't necessarily define itself in the singular or the multiple. People may be against DUI. DUI is perhaps a bad thing. Sheep and sheep are singular and multiple. DUI is a very odd term. It doesn't necessarily require that you call it DUIs. Again, most DUIs have two charges, the driving while impaired charge, the driving with a BAC of .08 or greater, but we refer to it in the singular as DUI. What kind of burden would this place on the clerk's office when a person comes in and challenges the DUI charge? The clerk's office would then attach it to which file? Well, in this case, the clerk chose to attach it to the 04 CF 3607. Again, without a subpart against it, I don't think the clerk will be the one that effectuates the speedy trial. Does a person, when they have two DUI files or four DUI counts, have to make four copies of the same item? I think then we're getting unduly technical again. Clearly, again, a unique set of facts. But when we have conflicts arising between everyone's interests, the state's attorney, the clerk, the how many pieces of paper, overriding all of it is the right constitutional or statutory to a speedy trial. In a pure tie, the defendant gets the benefit here. Isn't the very nature of what you're talking about, though, the DUI, singular, plural, can go both ways? Doesn't that get back to the fact that isn't it more important if it's going to be clear and unequivocal to indicate which DUI charge you're actually talking about? What is helpful and what is mandatory are two different things. What is important and what is mandated by law can be two different things. I would certainly agree that Mr. Sandoval, if he had access to all of the information that's easily accessible by a prosecutor's office, may have been able to do more. But whether it was mandated or not is a different story. And I frankly believe that if he's looking at a law book... He knew at least which year the DUIs were committed, right? There were two different years, right, 03 and 04? They certainly were, but according to the prosecutor, they were also two different months. In one case, I don't even think the prosecutors clearly set out where those offenses are. As Your Honor may well know, it doesn't make sense on the face of it that a March 2004 set of charges and a December 2004 set of charges even exist in the same court file. So there are clearly filing issues. Those aren't the fault of Mr. Sandoval. And as we pointed out in our brief, there was a great amount of missing paperwork filed years later. I see the light is done, so thank you very much. First, Your Honors, simply knowing Petitioner's name, whether it was Jose J. Sandoval or Jose Javier Sandoval, doesn't identify the charges pending against him as has been discussed repeatedly. There were multiple charges pending against him in multiple cases. So even if the demand identified sufficiently for the State who the defendant was, it still failed to identify the charges pending against him. Furthermore, the statute places the burden on the defendant to identify those charges, which is seeking a speedy trial. And so, as Your Honor pointed out, just to be clear about what the language of the statute is, the statute requires, quote, a statement of the charges pending against him to be tried. There's no reference to the nature of the charges or anything so vague as that. It's clear and unambiguous that it requires a statement of the charges pending against him to be tried. And as Staten pointed out, that requires that the statement be clear and unequivocal. And regardless of what the defendant or we might think the people could or should have done, the General Assembly hasn't placed any additional burden on the people to identify those charges where the defendant has failed to do so. And the soundness of the policy considerations, even if 3.810's language were ambiguous, the soundness of the General Assembly's policy considerations is evidence from the facts of this case. It seems as if many people involved at the trial level in this case were unclear about what charge this speedy trial demand was meant to refer to. As Your Honor's pointed out, the clerk had to make a decision about what case file to attach this charge to, and picked one versus the other without guidance from the defendant. The people were not clear that the speedy trial demand referred to any of this defendant's pending charges. And even the defendant in this case first filed a motion to dismiss one of his cases based on this speedy trial demand, and only after succeeding on that motion went to the other trial court in which his other case was pending and filed a similar motion. So it's not clear that even the defendant was clear that his demand was meant to apply to all of his cases. It's not clear that his demand was meant to apply to all of his charges until after the fact. Would a demand that says a man being brought to trial on all pending charges against me in DuPage County be sufficient under the statute? It would certainly be a closer case than this one. I don't think so. I don't think that identifies the charges pending against him to be tried as required by the statute, and I don't think that's the case that we may attend. And in a case like this where there are multiple charges, as defendant conceded these were separate cases, based on Quigley and Williams and this court's repeated jurisprudence, a speedy trial demand on one charge would not constitute a demand on all of the charges because a compulsory rejoinder would not require them to be tried as one case. And as defendant also concedes, there is at the very least confusion. I think DuPage DUI is, as Your Honor pointed out, a singular term, but at the very least there is confusion regarding how many charges the demand applied to, and thus such a claim certainly cannot be clear and unequivocal as required by the statute for a defendant situated as the one in this case is. Regarding concerns about a defendant's constitutional rights to speedy trial, which defendant mentioned briefly during argument, there is no claim of a constitutional speedy trial violation in this case, and as the General Assembly and this court both recognized in writing the statutory scheme and in interpreting it, there is no liberty interest at stake for a defendant situated as this one is when he made his speedy trial demand because he was in IDOC custody on a prior valid conviction, not based on the pending charges against him. If Your Honors have no further questions, then the people respectfully request that this court reverse and reinstate the DUI charges against defendant. Thank you, Counsel. Case number 106496 will be taken under advisement as agenda number one.